**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HOLLEY ELLIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:25-cv-00006-JSD |
| | ) |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) |
| | ) |
|     Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Holley Ellis's applications to proceed in district court without prepaying fees or costs. Based on the financial information provided in the applications, the Court finds that plaintiff is unable to pay the filing fee and will waive it. Additionally, for the reasons stated below, the Court will dismiss plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### The Complaint

Plaintiff brings this § 1983 action against the Missouri Department of Mental Health. Her allegations are not entirely clear, so the Court will quote her statement of claim in full:

> They didn't check my sugar sugar uncontrol[led] metal negl[ect] of meds felony objection kidnapped or hostage at the Phelps County Jail. May 30, 2024 [allowed] me to leave jail to start a new 6 month program 6 people jumped off the top of the bal[c]ony top [tier]. Cruel unusual punishment to go to another 6 month program[.] How long does it take for you to pro[se]cute me I have been [through] enough.

ECF No. 1 at 4.

For damages, plaintiff seeks actual damages of $40 million and punitive damages of $400 million.

### Discussion

Plaintiff's claim against the Missouri Department of Health must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016)

(stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the Missouri Department of Mental Health is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against the Missouri Department of Mental Health is barred by the Eleventh Amendment. Therefore, her claim against the Department of Mental Health must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's applications to proceed in the district court without prepayment of fees and costs are **GRANTED**. [ECF Nos. 3 and 4]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel are **DENIED as moot**. [ECF Nos. 2 and 5]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 16th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE